JUSTICE COTTER
dissents.
¶20 I concur in everything that is said through ¶ 15 of the Court’s Opinion, and with the Court’s observations contained in ¶ 17.1 dissent, however, from the Court’s conclusion that, given the facts of this case, *224 the District Court did not err in concluding that forty-five days was a reasonable amount of time for the completion of Champion’s settlement obligations.
¶21 As indicated at ¶ 11, all that was required of Champion here, in addition to payment of the settlement, was the preparation of a mutually agreeable release and submission of a stipulation for dismissal. As all lawyers know, there are garden variety forms of release utilized by virtually every defense lawyer in the business. Where there are no complications inherent in the settlement, and there were none here, the preparation of such a release requires little more than the insertion in the form release of the identities of the parties and the amount of the settlement, and the execution of the “print” function. The stipulation for dismissal is equally simple to prepare. Delivery and execution of these documents can be done in one day, or if by mail, in several days at most.
¶22 The Court points out at ¶ 13 that, where the settlement at hand is “fairly routine,” only seven to ten days may be needed for all terms of the settlement to be accomplished. I agree completely with this statement. I would conclude that, in the case before us, as well as in other cases where the exchange of a basic release and stipulation for dismissal is all that is contemplated other than the payment of money, ten days is a more than reasonable time within which to conclude a settlement. I would therefore reverse the District Court’s determination that 45 days was a reasonable time for performance, and would hold that interest began to accrue on the unpaid settlement amount upon the expiration of ten days from the date the settlement agreement was reached. I dissent from our refusal to do so.